JILL F. KOPEIKIN (Cal. Bar No. 160792)
VALERIE M. WAGNER (Cal. Bar No. 173146)
GCA LAW PARTNERS LLP
1891 Landings Drive
Mountain View, CA 94043
(Tel.) 650-428-3900
(Fax) 650-428-3901

MICHAEL W. SHORE**
SEAN N. HSU**
SHORE CHAN BRAGALONE DEPUMPO LLP
Bank of America Plaza
901 Main Street, Suite 3300
Dallas, Texas 75202
(Tel.) 214-593-9110
(Fax) 214-593-9111

ERIC W. BUETHER**
BUETHER JOE & CARPENTER, LLC
1700 Pacific Avenue, Suite 4750
Dallas, Texas 75201
(Tel.) 214.466.1270
(Fax) 214.635.1842

**Pro Hac Vice Applications to follow

Attorneys for Plaintiff
THIRD DIMENSION SEMICONDUCTOR, INC.

Filed
APR 27 2012
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THIRD DIMENSION SEMICONDUCTOR, INC., <br><br> Plaintiff, <br> vs. <br> ALPHA AND OMEGA SEMICONDUCTOR INC., ALPHA AND OMEGA SEMICONDUCTOR LIMITED <br><br> Defendants. | Case No. CV 12-02130 PSG <br><br> **PLAINTIFF THIRD DIMENSION SEMICONDUCTOR, INC.'S ORIGINAL COMPLAINT** <br><br> <u>**JURY TRIAL DEMANDED**</u> |

Plaintiff Third Dimension Semiconductor, Inc. by and through their undersigned counsel, file this Original Complaint against Defendants Alpha and Omega Semiconductor Limited and Alpha and Omega Semiconductor Inc. (collectively "**Defendants**") as follows:

## THE PARTIES

1. Plaintiff Third Dimension Semiconductor, Inc. ("**3D Semiconductor**") is a Texas corporation that maintains a principal place of business at 7855 South River Parkway, Suite 122, Tempe, Arizona 85284.

2. Upon information and belief, Alpha and Omega Semiconductor Limited ("**AOS Ltd.**") is a Bermuda corporation with its principal place of business at Clarendon House, 2 Church Street, Hamilton HM 11, Bermuda. Upon information and belief, AOS Ltd. may be served with process in Bermuda pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters. Upon information and belief, AOS Ltd. has conducted and regularly conducts business within this District, has purposefully availed itself of the privileges of conducting business in this District, and has sought protection and benefit from the laws of the State of California by directing and/or controlling the actions of its subsidiary Alpha and Omega Semiconductor Inc.

3. Upon information and belief, Alpha and Omega Semiconductor Inc. ("**AOS Inc.**") is a California company with its principal place of business at 475 Oakmead Parkway, Sunnyvale, CA 94085. Upon information and belief, AOS Inc. may be served with process by serving its agent for service of process, Yanbing Hong, at 475 Oakmead Parkway, Sunnyvale, CA 94085. Upon information and belief, AOS Inc. has conducted and regularly conducts business within this District, has purposefully availed itself of the privileges of conducting business in this District, and has sought protection and benefit from the laws of the State of California. Upon information and belief, AOS Inc. is a wholly-owned subsidiary of AOS Ltd.

## JURISDICTION AND VENUE

4. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1, et seq., including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter

jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

5.  As further detailed herein, this Court has personal jurisdiction over each Defendant. Each Defendant has contacts and offices in this District. Each Defendant has conducted and regularly conducts business within the United States and this District. Each Defendant has purposefully availed itself of the privileges of conducting business in the United States, and more specifically in this District. Each Defendant has sought protection and benefit from the laws of the State of California by placing infringing products into the stream of commerce through an established distribution channel with the expectation and/or knowledge that they will be purchased by consumers in this District. Plaintiff's cause of action arises directly from Defendants' business contacts and other activities in this District.

6.  Each Defendant, directly or through intermediaries (including distributors, retailers, and others), subsidiaries, alter egos, and/or agents, ships, distributes, offers for sale, and/or sells its products in the United States and this District. Each Defendant has purposefully and voluntarily placed one or more of its infringing products, as described below, into the stream of commerce with the expectation and/or knowledge that they will be purchased by consumers in this District. Each Defendant knowingly and purposefully ships infringing products into this District through an established distribution channel. These infringing products have been and continue to be purchased by consumers in this District. Upon information and belief, each Defendant has committed the tort of patent infringement in this District.

7.  Venue is proper in this Court under 28 U.S.C. §§ 1391(b), (c), and (d), as well as 28 U.S.C. § 1400(b), in that, upon information and belief, each Defendant has committed acts within this judicial District giving rise to this action and does business in this District, including but not limited to making sales in this District, providing service and support to their respective customers in this District, and/or operating an interactive website that is available to persons in this District, which website advertises, markets, and/or offers for sale infringing products.

## INTRADISTRICT ASSIGNMENT

8. Intradistrict Assignment is appropriate under Civil Local Rule 3-2(c) because this is an Intellectual Property Action.

## BACKGROUND

A. **The Patents-In-Suit.**

9. U.S. Patent No. 5,216,275, titled "Semiconductor Power Devices with Alternating Conductivity Type High-Voltage Breakdown Regions," ("the **'275 patent**") was duly and legally issued by the U.S. Patent and Trademark Office on June 1, 1993, after full and fair examination. Xingbi Chen is the sole inventor listed on the '275 patent, which was assigned to the University of Electronic Science and Technology of China. In 2001, Dr. Chen and the University assigned their rights and interests in the '275 patent to Power MOSFET Technologies. In 2002, Power MOSFET Technologies assigned its interests in the '275 patent to Plaintiff 3D Semiconductor. A true and correct copy of the '275 patent is attached as **Exhibit A** and made a part hereof.

10. U.S. Patent No. 6,635,906, titled "Voltage Sustaining Layer with Opposite-Doped Islands for Semiconductor Power Devices," ("the **'906 patent**") was duly and legally issued by the U.S. Patent and Trademark Office on October 21, 2003, after full and fair examination. Xingbi Chen is the sole inventor listed on the '906 patent, which was assigned to 3D Semiconductor. A true and correct copy of the '906 patent is attached as **Exhibit B** and made a part hereof.

11. U.S. Patent No. 6,936,867, titled "Semiconductor High-Voltage Devices," ("the **'867 patent**") was duly and legally issued by the U.S. Patent and Trademark Office on August 30, 2005, after full and fair examination. Xingbi Chen is the sole inventor listed on the '867 patent, which was assigned to 3D Semiconductor. A true and correct copy of the '867 patent is attached as **Exhibit C** and made a part hereof.

12. U.S. Patent No. 7,271,067, titled "Voltage Sustaining Layer with Opposite-Doped Islands for Semiconductor Power Devices," ("the **'067 patent**") was duly and legally issued by the U.S. Patent and Trademark Office on September 18, 2007, after full and fair examination.

1  Xingbi Chen is the sole inventor listed on the '067 patent, which was assigned to 3D
2  Semiconductor. A true and correct copy of the '067 patent is attached as **Exhibit D** and made a
3  part hereof.
4      13.    U.S. Patent No. 7,439,583, titled "Tungsten Plug Drain Extension," ("the **'583**
5  **patent**") was duly and legally issued by the U.S. Patent and Trademark Office on October 21,
6  2008, after full and fair examination. Fwu-Iuan Hsieh is the sole inventor listed on the '583
7  patent, which was assigned to 3D Semiconductor. A true and correct copy of the '583 patent is
8  attached as **Exhibit E** and made a part hereof.
9      14.    U.S. Patent No. 8,071,450, titled "Method for Forming Voltage Sustaining Layer
10 with Opposite-Doped Islands for Semiconductor Power Devices," ("the **'450 patent**") was duly
11 and legally issued by the U.S. Patent and Trademark Office on December 6, 2011, after full and
12 fair examination. Xingbi Chen is the sole inventor listed on the '450 patent, which was assigned
13 to 3D Semiconductor. A true and correct copy of the '450 patent is attached as **Exhibit F** and
14 made a part hereof.

**B.  Defendants' Infringing Conduct.**

15. Upon information and belief, Defendants collectively make, use, offer to sell, and/or sell within, and/or import into the United States semiconductor devices that utilize technologies covered by the patents-in-suit. Upon information and belief, the infringing semiconductor devices include, but are not limited to, metal-oxide-semiconductor field-effect transistors ("**MOSFETs**") with high drain-source voltage and low drain-source resistance ("**RDS(ON)**"). Upon information and belief, customers of Defendants incorporate these semiconductor devices into products that are made, used, offered for sale, and/or sold within, and/or imported into the United States, including this District.

## COUNT I
### Patent Infringement of U.S. Patent No. 5,216,275

16. Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-15 as though fully set forth herein.

17. The '275 patent is valid and enforceable.

18. Defendants have at no time, either expressly or impliedly, been licensed under the '275 patent.

19. Upon information and belief, to the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff has complied with the requirements of that statute by providing actual or constructive notice to Defendants of their alleged infringement. Upon information and belief, Plaintiff surmises that any express licensees of the '275 patent have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '275 patent on all goods made, offered for sale, and/or sold within, and/or imported into, the United States that embody one or more claims of that patent.

20. Upon information and belief, Defendants have been directly and literally infringing under 35 U.S.C. § 271(a), the '275 patent by making, using, offering to sell, and/or selling to customers and/or distributors (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, products containing semiconductor devices that include all of the limitations of one or more claims of the '275 patent, including, but not limited to, MOSFET AOT27S60 and other similar products, such as Defendants' high drain-source voltage MOSFETs with low RDS(ON): AOD1N60, AOI1N60, AOT1N60, AOU1N60, AOD2N60, AOT2N60, AOTF2N60, AOU2N60, AOTF4N90, AOD3N60, AOT3N60, AOU3N60, AOD3N40, AOD3N50, AOT3N50, AOTF3N50, AOD4N60, AOI4N60, AOU4N60, AOWF4N60, AOTF6N90, AOT4N60, AOTF4N60, AOT7N70, AOTF7N70, AOT5N60, AOD5N50, AOD5N40, AOI5N40, AOD7N65, AOI7N65, AOT7N65, AOTF7N65, AOT5N50, AOTF5N50, AON7462, AOD7N60, AOI7N60, AOT9N70, AOTF9N70, AOWF9N70, AOT7N60, AOTF7N60, AOT8N65, AOTF8N65, AOT10N65, AOTF10N65, AOW10N65, AOB4S60, AOD4S60, AOI4S60, AOT4S60, AOT8N60, AOTF4S60, AOTF8N60, AOU4S60, AOW4S60, AOWF4S60, AOT11N70, AOTF11N70, AOWF11N70, AOD9N40, AOT8N50, AOT9N50, AOTF8N50, AOTF9N50, AOWF8N50, AON7460, AOD9N50, AOI9N50, AOT9N40,

AOB10N60, AOT10N60, AOTF10N60, AOW10N60, AOWF10N60, AOT12N65, AOTF12N65, AOW12N65, AOWF12N65, AOB11N60, AOW11N60, AOTF450L, AOD450, AOH3110, AOB7S65, AOD7S65, AOT7S65, AOTF7S65, AOU7S65, AOW7S65, AOWF7S65, AOTF11N62, AOT12N60FD, AOT11N60, AOTF11N60, AOTF12N60FD, AOWF11N60, AOB7S60, AOD7S60, AOT7S60, AOTF7S60, AOU7S60, AOW7S60, AOWF7S60, AON7458, AOD8N25, AOI8N25, AOT12N60, AOTF12N60, AOW12N60, AOWF12N60, AOB12N50, AOT12N50, AOTF12N50, AOW12N50, AOWF12N50, AOT13N50, AOTF13N50, AOT14N50FD, AOTF14N50FD, AOD468, AOI468, AOT12N30, AOTF12N30, AOTF18N65, AOB11S65, AOT11S65, AOTF11S65, AOW11S65, AOWF11S65, AOB11S60, AOD11S60, AOI11S60, AOT11S60, AOTF11S60, AOW11S60, AOWF11S60, AOK18N65, AOB14N50, AOT14N50, AOTF14N50, AOW14N50, AOWF14N50, AOK20N60, AOT20N60, AOTF20N60, AOT16N50, AOTF16N50, AON7452, AOB15S65, AOT15S65, AOTF15S65, AOW15S65, AOWF15S65, AOB15S60, AOT15S60, AOTF15S60, AOW15S60, AOWF15S60, AOD458, AOK22N50, AOT22N50, AOTF22N50, AOB20S60, AOK20S60, AOT20S60, AOTF20S60, AOW20S60, AOWF20S60, AOB25S65, AOT25S65, AOTF25S65, AOW25S65, AOWF25S65, AON6458, AOT20N25, AOB27S60, AOK27S60, AOTF27S60, AOD478, AOI478, AON6486, AOK42S60, AOT42S60, AOTF42S60, AOTF42S60L, AOD4454, AOTF454L, AO4886, AO4486, AON6484, AON7450, AOD254, AON6454, AON6454A, AOD482, AOI482, AON6482, AOT416, AO4482L, AOL1482, AO4454, AOB416, AON6850, AOTF4126, AOD464, AOT404, AOTF404, AO4452, AOB414, AOT414, AON6452, AOD4126, AOI4126, AOD4124, AOT412, AOWF412, AOB412L, AOB298L, AOT298L, AOTF298L, AOW298, AON6450, AOD2908, AOT1100L, AOB1100L, AOT502, AOT418L, AOW418, AOB418L, AOB2918L, AOT2918L, AOTF2918L, AOW2918, AOT410L, AOW410, AOB410L, AOT500, AOT290L, and AOB290L (collectively, "**AOS High Voltage MOSFETs**").

    21.    Upon information and belief, Defendants have been directly and equivalently infringing under the doctrine of equivalents, the '275 patent by making, using, offering to sell,

and/or selling to customers and/or distributors (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, products containing semiconductor devices that include all of the limitations of one or more claims of the '275 patent, including, but not limited to, MOSFET AOT27S60 and other similar products. The products containing these semiconductor devices perform substantially the same function as the inventions embodied in one or more claims of the '275 patent in substantially the same way to achieve the same result.

22. As a direct and proximate result of these acts of patent infringement, Defendants have encroached on the exclusive rights of Plaintiff and its licensees to practice the '275 patent, for which Plaintiff is entitled to at least a reasonable royalty.

## COUNT II

### Patent Infringement of U.S. Patent No. 6,635,906

23. Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-22 as though fully set forth herein.

24. The '906 patent is valid and enforceable.

25. Defendants have at no time, either expressly or impliedly, been licensed under the '906 patent.

26. Upon information and belief, to the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff has complied with the requirements of that statute by providing actual or constructive notice to Defendants of their alleged infringement. Upon information and belief, Plaintiff surmises that any express licensees of the '906 patent have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '906 patent on all goods made, offered for sale, and/or sold within, and/or imported into, the United States that embody one or more claims of that patent.

27. Upon information and belief, Defendants have been directly and literally infringing under 35 U.S.C. § 271(a), the '906 patent by making, using, offering to sell, and/or selling to customers and/or distributors (directly or through intermediaries and/or subsidiaries) in

1  this District and elsewhere within the United States and/or importing into the United States, without authority, products containing semiconductor devices that include all of the limitations of one or more claims of the '906 patent, including, but not limited to, MOSFET AOT27S60 and other similar products, such as the AOS High Voltage MOSFETs.

28. Upon information and belief, Defendants have been directly and equivalently infringing under the doctrine of equivalents, the '275 patent by making, using, offering to sell, and/or selling to customers and/or distributors (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, products containing semiconductor devices that include all of the limitations of one or more claims of the '275 patent, including, but not limited to, MOSFET AOT27S60 and other similar products. The products containing these semiconductor devices perform substantially the same function as the inventions embodied in one or more claims of the '275 patent in substantially the same way to achieve the same result.

29. As a direct and proximate result of these acts of patent infringement, Defendants have encroached on the exclusive rights of Plaintiff and its licensees to practice the '906 patent, for which Plaintiff is entitled to at least a reasonable royalty.

## COUNT III

### Patent Infringement of U.S. Patent No. 6,936,867

30. Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-29 as though fully set forth herein.

31. The '867 patent is valid and enforceable.

32. Defendants have at no time, either expressly or impliedly, been licensed under the '867 patent.

33. Upon information and belief, to the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff has complied with the requirements of that statute by providing actual or constructive notice to Defendants of their alleged infringement. Upon information and belief, Plaintiff surmises that any express licensees of the '867 patent have complied with the marking

requirements of 35 U.S.C. § 287 by placing a notice of the '867 patent on all goods made, offered for sale, and/or sold within, and/or imported into, the United States that embody one or more claims of that patent.

34. Upon information and belief, Defendants have been directly and literally infringing under 35 U.S.C. § 271(a), the '867 patent by making, using, offering to sell, and/or selling to customers and/or distributors (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, products containing semiconductor devices that include all of the limitations of one or more claims of the '867 patent, including, but not limited to, MOSFET AOT27S60 and other similar products, such as the AOS High Voltage MOSFETs.

35. Upon information and belief, Defendants have been directly and equivalently infringing under the doctrine of equivalents, the '867 patent by making, using, offering to sell, and/or selling to customers and/or distributors (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, products containing semiconductor devices that include all of the limitations of one or more claims of the '867 patent, including, but not limited to, MOSFET AOT27S60 and other similar products. The products containing these semiconductor devices perform substantially the same function as the inventions embodied in one or more claims of the '867 patent in substantially the same way to achieve the same result.

36. As a direct and proximate result of these acts of patent infringement, Defendants have encroached on the exclusive rights of Plaintiff and its licensees to practice the '867 patent, for which Plaintiff is entitled to at least a reasonable royalty.

## COUNT IV

### Patent Infringement of U.S. Patent No. 7,271,067

37. Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-36 as though fully set forth herein.

38. The '067 patent is valid and enforceable.

PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL        Case No. *

Page | 10

39. Defendants have at no time, either expressly or impliedly, been licensed under the '067 patent.

40. Upon information and belief, to the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff has complied with the requirements of that statute by providing actual or constructive notice to Defendants of their alleged infringement. Upon information and belief, Plaintiff surmises that any express licensees of the '067 patent have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '067 patent on all goods made, offered for sale, and/or sold within, and/or imported into, the United States that embody one or more claims of that patent.

41. Upon information and belief, Defendants have been directly and literally infringing under 35 U.S.C. § 271(a) or (g), the '067 patent by making, using, importing, offering to sell, and/or selling to customers and/or distributors (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, semiconductor devices manufactured with all of the limitations of one or more claims of the '067 patent, including, but not limited to, MOSFET AOT27S60 and other similar products, such as AOS High Voltage MOSFETs.

42. Upon information and belief, Defendants have been directly and equivalently infringing under the doctrine of equivalents, the '067 patent by making, using, offering to sell, and/or selling to customers and/or distributors (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, semiconductor manufactured according to the limitations of one or more claims of the '067 patent, including, but not limited to, MOSFET AOT27S60 and other similar products. The manufacture of these semiconductor devices perform substantially the same function as the inventions embodied in one or more claims of the '067 patent in substantially the same way to achieve the same result.

43. As a direct and proximate result of these acts of patent infringement, Defendants have encroached on the exclusive rights of Plaintiff and its licensees to practice the '067 patent, for which Plaintiff is entitled to at least a reasonable royalty.

## COUNT V

### Patent Infringement of U.S. Patent No. 7,439,583

44. Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-43 as though fully set forth herein.

45. The '583 patent is valid and enforceable.

46. Defendants have at no time, either expressly or impliedly, been licensed under the '583 patent.

47. Upon information and belief, to the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff has complied with the requirements of that statute by providing actual or constructive notice to Defendants of their alleged infringement. Upon information and belief, Plaintiff surmises that any express licensees of the '583 patent have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '583 patent on all goods made, offered for sale, and/or sold within, and/or imported into, the United States that embody one or more claims of that patent.

48. Upon information and belief, Defendants have been directly and literally infringing under 35 U.S.C. § 271(a), the '583 patent by making, using, offering to sell, and/or selling to customers and/or distributors (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, products containing semiconductor devices that include all of the limitations of one or more claims of the '583 patent, including, but not limited to, MOSFET AOT27S60 and other similar products, such as AOS High Voltage MOSFETs.

49. Upon information and belief, Defendants have been directly and equivalently infringing under the doctrine of equivalents, the '583 patent by making, using, offering to sell, and/or selling to customers and/or distributors (directly or through intermediaries and/or

subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, products containing semiconductor devices that include all of the limitations of one or more claims of the '583 patent, including, but not limited to, MOSFET AOT27S60 and other similar products. The products containing these semiconductor devices perform substantially the same function as the inventions embodied in one or more claims of the '583 patent in substantially the same way to achieve the same result.

50. As a direct and proximate result of these acts of patent infringement, Defendants have encroached on the exclusive rights of Plaintiff and its licensees to practice the '583 patent, for which Plaintiff is entitled to at least a reasonable royalty.

## COUNT VI

### Patent Infringement of U.S. Patent No. 8,071,450

51. Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-50 as though fully set forth herein.

52. The '450 patent is valid and enforceable.

53. Defendants have at no time, either expressly or impliedly, been licensed under the '450 patent.

54. Upon information and belief, to the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff has complied with the requirements of that statute by providing actual or constructive notice to Defendants of their alleged infringement. Upon information and belief, Plaintiff surmises that any express licensees of the '450 patent have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '450 patent on all goods made, offered for sale, and/or sold within, and/or imported into, the United States that embody one or more claims of that patent.

55. Upon information and belief, Defendants have been directly and literally infringing under 35 U.S.C. § 271(a) or (g), the '450 patent by making, using, importing, offering to sell, and/or selling to customers and/or distributors (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the

United States, without authority, semiconductor devices manufactured according to the limitations of one or more claims of the '450 patent, including, but not limited to, MOSFET AOT27S60 and other similar products, such as AOS High Voltage MOSFETs.

56. Upon information and belief, Defendants have been directly and equivalently infringing under the doctrine of equivalents, the '450 patent by making, using, offering to sell, and/or selling to customers and/or distributors (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, semiconductor manufactured according to the limitations of one or more claims of the '450 patent, including, but not limited to, MOSFET AOT27S60 and other similar products. The manufacture of these semiconductor devices perform substantially the same function as the inventions embodied in one or more claims of the '450 patent in substantially the same way to achieve the same result.

57. As a direct and proximate result of these acts of patent infringement, Defendants have encroached on the exclusive rights of Plaintiff and its licensees to practice the '450 patent, for which Plaintiff is entitled to at least a reasonable royalty.

## CONCLUSION

58. Plaintiff is entitled to recover from Defendants the damages sustained by Plaintiff as a result of Defendants' wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court.

59. Plaintiff has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action. The circumstances of this dispute create an exceptional case within the meaning of 35 U.S.C. § 285, and Plaintiff is entitled to recover their reasonable and necessary attorneys' fees, costs, and expenses.

## JURY DEMAND

60. Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

61. Plaintiff respectfully requests that the Court find in their favor and against Defendants, and that the Court grant Plaintiff the following relief:

A. A judgment that each Defendant has infringed the patents-in-suit as alleged herein under 35 U.S.C. § 271;

B. A judgment for an accounting of all damages sustained by Plaintiff as a result of the acts of infringement by each Defendant;

C. A judgment and order requiring each Defendant to pay Plaintiff damages under 35 U.S.C. § 284, and any royalties determined to be appropriate;

D. A judgment and order requiring each Defendant to pay Plaintiff pre-judgment and post-judgment interest on the damages awarded;

E. A judgment and order finding this to be an exceptional case and requiring each Defendant to pay the costs of this action (including all disbursements) and attorneys' fees as provided by 35 U.S.C. § 285; and

F. Such other and further relief as the Court deems just and equitable.

Date: April 27, 2012

Respectfully submitted,

*/s/ Jill Olson*

Jill F. Kopeikin (Cal. Bar No. 160792)
Valerie M. Wagner (Cal. Bar No. 173146)
GCA LAW PARTNERS LLP

Michael W. Shore **
Sean N. Hsu **
SHORE CHAN BRAGALONE DEPUMPO LLP

Eric W. Buether **
BUETHER JOE & CARPENTER, LLC

** Pro Hac Vice Applications to Follow